IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **SAMUEL MALACHI MARTINEZ,** §<br>**TDCJ No. 01147601,** §<br> §<br>　**Plaintiff,** §<br> §<br>**v.** §<br> §<br>**GRACE MATHAPATHI,** §<br> §<br>　**Defendant.** §<br> § | Civil Action No. 7:18-cv-00105-M-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for "Emergency Preliminary Injunction" (ECF No. 2), filed on July 16, 2018. Plaintiff requests the Court to order Defendant Grace Mathapathi to restart Plaintiff's seizure medication. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DENY** Plaintiff's Motion for Injunctive Relief.

Rule 65(a), Federal Rules of Civil Procedure, governs preliminary injunctions. Subparagraph (1) of Rule 65(a) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Such notice is "mandatory" and the courts "have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130 (5th Cir. 1990). Plaintiff has not shown that he has given notice to Defendant for his request for injunctive relief. While Plaintiff's Motion for Injunctive Relief is subject to denial on this ground alone, the undersigned shall nevertheless discuss whether Plaintiff is entitled to injunctive relief.

Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). The party seeking injunctive relief must clearly establish all of the four elements in order to obtain relief. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

Here, Plaintiff has neither alleged nor shown a substantial likelihood that he will prevail on the merits, or that there is a substantial threat of irreparable injury if injunctive relief is not granted. To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). "Deliberate indifference is an extremely high standard to meet. . . . [T]he plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute

deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff's disagreement with Defendant regarding his course of treatment does not warrant injunctive relief. *See King v. Tex. Dep't Criminal Justice*, No: 3:15-CV-1365-N-BH, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016) (denying plaintiff's request for preliminary injunction requiring officials to provide certain medications, where plaintiff's mere disagreement with treatment provided by TDCJ officials failed to show substantial likelihood of prevailing on the merits); *see also Hood v. Montgomery County*, No. 4:12cv0726, 2013 WL 4875051 (S.D. Tex., Sept. 11, 2013) (finding that a doctor's failure to renew seizure medication was not considered deliberate indifference even though the plaintiff allegedly suffered multiple seizures). Plaintiff alleges no facts beyond the conclusory allegation that the medication is necessary for the treatment of his medical condition. *See Neal v. Federal Bureau of Prisons*, 76 Fed. App'x 543, 545 (5th Cir. 2003) (finding conclusory allegations insufficient to warrant a preliminary injunction). Moreover, Plaintiff has not offered the type of competent medical evidence that would be needed to show that injunctive relief is proper in this case. Because Plaintiff has not shown a substantial likelihood that he will prevail on merits at this time, or that there is a substantial threat of irreparable injury if injunctive relief is not granted, the Court should deny his request for injunctive relief.

## CONCLUSION

Because Plaintiff has failed to meet his burden of proof on the four perquisites to grant the injunctive relief he requests, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff's Motion for Injunctive Relief. ECF No. 2.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed July 17, 2018.

                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE